No. 535

KAHN BROS. CO. YOUNGSTOWN (City) et al

Ohio Appeals, 7th Dist., Mahoning County
Decided June 17, 1924

874. ORDINANCES—1. Municipalities may enact zoning ordinances.

2. For zoning ordinance to be sustained under police power it must be for benefit of public health, peace or safety.

3. Zoning ordinance enacted for aesthetic reasons is unconstitutional.

4. Validity of zoning ordinance depends on judicial interpretation as to whether a reasonable use of police power.

5. Where an apartment house is not detrimental to public peace, health or safety, its erection cannot be prevented.

FARR, J.

Epitomized Opinion
Published Only in Ohio Law Abstract

The Kahn Brothers Co. brought an action for an injunction to restrain the City of Youngstown from interfering with plaintiff in the construction of an apartment at Wick and Crandall Parks in the City of Youngstown. A temporary restraining order was granted, but upon final hearing in the Common Pleas permanent restraining order was refused and the case dismissed. The evidence disclosed that the Kahn Co. was the owner of three lots in Youngstown and that they had procured a permit in 1923 for the construction of a three story brick apartment on this property in accordance with plans an dspecifications approved by the City Building Inspector.

In May, 1920, the City had passed Ordinance No. 26380 establishing a zone plan for Wick and Crandall Parks, which involved the property in question. After some preliminary steps were taken in the erection of the building various employes of the Company were arrested, whereupon this action was brought. At this point there was a great amount of vacant property and the evidence also disclosed that the apartment was to be strictly modern in every respect. After the Common Pleas Court had dissolved the injunction an appeal was taken to the Court of Appeals. In entering an order restraining the City from interfering with the construction of this building, the court held:

1. Municipalities may enact zoning ordinances in proper cases under their police power.

2. A zoning ordinance can only be sustained under the police power where it has a real and substantial relation to the maintenance and preservation of the public peace, morals, order and safety.

3. A zoning ordinance enacted for aesthetic reasons is invalid and an unconstitutional exercise of the police power.

4. The validity of a zoning ordinance depends upon a judicial determination as to whether it is a reasonable or an unreasonable restraint upon the use of private property in furtherance of public morals, health, safety or welfare.

5. As the apartment in question was not shown to be detrimental to the public health, safety, convenience, comfort, prosperity and the general welfare, any attempt upon the part of the City to interfere with the erection of the same was illegal.

Attorneys—Moore, Barnum and Hammond, for Kahn Brothers Co.; Clyde W. Osborne, for City et al; all of Youngstown.